FILED
JAN 14 2011
BROOKLYN OFFICE

ORIGINAL

JAJ:SDD
F.#2010R00844

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ANNA FERMANOVA,

Defendant.

- - - - - - - - - - - - - - - - -X

I N F O R M A T I O N

Cr. No. 11-0008 (CBA)
(T. 18, U.S.C., §§ 981(a)(1)(C), 2 and 3551 et seq.); T. 21, U.S.C., § 853(p); T. 22, U.S.C., §§ 2778(b)(2) and 2778(c); T. 22, C.F.R., Parts 121 and 127; T. 28, U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

THE ARMS EXPORT CONTROL ACT

At all times relevant to this Information, unless otherwise indicated:

1. The export of defense related articles was regulated by the Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA"). Section 2778(a) authorized the President of the United States to control the import and export of defense articles and to establish a United States Munitions List ("USML"), which identified and defined the defense articles subject to these controls. Section 2778(b) provided that any person engaged in the business of manufacturing or exporting any defense articles shall register with the government. Section 2778(c) established criminal penalties for any violation of Section 2778 or any rule or regulation thereunder.

2. The United States Department of State ("the State Department") implemented these statutory provisions by adopting the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Part 120 et seq. These regulations established the USML and required an export license for the export of any items on the list.

3. The USML listed "image intensification and other night sighting equipment or systems specifically designed, modified or configured for military use." The Raptor Night Vision Weapon Sight, Model M644-4X, and the Advanced Rifle Sight, Model D-740-3A, were night sighting equipment that were specifically designed for military use.

4. On June 25, 2010, the State Department certified that the Raptor Night Vision Weapons Sight, Model 644-4X and the Advanced Rifle Sight, Model D-740-3A were defense articles, as described in Category XII(c) of the USML, 22 C.F.R. Part 121, at the time of the conduct charged in this information. Each shipment of these items therefore required the issuance of a separate license from the State Department prior to export or re-export.

AECA VIOLATION

5. The allegations contained in paragraphs 1 through 4 are realleged and incorporated by reference as if fully set forth in this paragraph.

6. On or about March 1, 2010, within the Eastern District of New York and elsewhere, the defendant ANNA FERMANOVA, together with others, did knowingly and willfully attempt to export from the United States to Russia night sighting equipment specifically designed, modified and configured for military use, to wit: one Raptor Night Vision Weapon Sight, Model M644-4X and two Advanced Rifle Sights, Model D-740-3A, which defense articles were listed on the USML, without first obtaining the required license or written approval from the State Department.

(Title 22, United States Code, Sections 2778(b)(2) and 2778(c); Title 22, Code of Federal Regulations, Parts 121 and 127; Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

7. The United States hereby gives notice to the defendant that, upon her conviction of the above-charged offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense, or conspiracy to commit such offense, to forfeit any and all property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18 United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK